FILED
2014 Dec-31 PM 03:33
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | | |
|---|---|---|
| PHILLIP A WILLIAMS, | ) | |
| | ) | |
| Plaintiff; | ) | |
| | ) | |
| vs. | ) | 7:14-mc-02055-LSC |
| | ) | |
| LVNV FUNDING, LLC, et al., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

MEMORANDUM OF OPINION AND ORDER

Before the Court is a Motion to Withdraw Reference (Doc. 1) filed by Defendant LVNV Funding, LLC ("LVNV") on October 24, 2014. For the reasons discussed below, the motion will be GRANTED.

I.   Background

Plaintiff Phillip A. Williams ("Williams") filed for Chapter 13 Bankruptcy with the Bankruptcy Court for the Northern District of Alabama on November 13, 2013. LVNV filed a proof of claim in that case on March 10, 2014, asserting a debt of $449.69. Williams then initiated an adversary proceeding against LVNV in the bankruptcy court on September 15, 2014, alleging that LVNV violated the Fair Debt Collection Practices Act ("FDCPA") by filing a proof of claim on a debt that was

unenforceable because it was barred by the applicable statute of limitations. LVNV then moved to withdraw the reference from the bankruptcy court pursuant to 28 U.S.C. § 157(d).

II.   Discussion

District courts possess "original and exclusive jurisdiction of all cases under title 11." 28 U.S.C. § 1334(a). However, district courts can provide that cases that arise under title 11, arise in title 11, or relate to a case under title 11 may be referred to the bankruptcy court of that district. 28 U.S.C. § 157(a). This court has entered a general order of reference automatically referring all such cases to the bankruptcy judges for this district. *US v. ILCO, Inc.*, 48 B.R. 1016, 1020 (N.D. Ala. 1985).

However, 28 U.S.C. § 157(d) provides for the withdrawal of the reference under certain circumstances. Withdrawal may be either mandatory or permissive. A district court is required to withdraw the reference "if the court determines that resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce." 28 U.S.C. 157(d).  Some courts, citing the plain language of the statute, have determined that withdrawal is mandatory if resolution of the dispute requires any consideration of a non-title 11 federal law. *See, e.g., In re Kiefer*, 276 B.R. 196, 199 (E.D. Mich. 2002). The majority of courts to consider the issue have found that "withdrawal is mandatory only

if the court can make an affirmative determination that resolution of the claims will require substantial and material consideration of those non-Code statutes which have more than a de minimis impact on interstate commerce." *In re Price*, No. 2:06mc3317-MHT, 2007 WL 2332536, at *2 (M.D. Ala. Aug. 13, 2007) (quoting *In re TPI Intern. Airways*, 222 B.R. 663, 667 (S.D.Ga. 1998) (internal quotations omitted); *see also Abrahams v. Phil-Con Services, LLC*, No. 10-0326-WS-N, 2010 WL 4875581 (S.D. Ala. Nov. 23, 2010). For withdrawal to be warranted, the issue must "require more than the mere application of well-settled or 'hornbook' non-bankruptcy law; significant interpretation of the non-Code statute must be required." *Abrahams*, 2010 WL 4875581, at *2 (quoting *Matter of Vicars Ins. Agency, Inc.*, 96 F.3d 949, 953 (7th Cir. 1996)). This court will, along with the other district courts in this circuit, follow the majority approach.

It is beyond dispute that the FDCPA is a non-title 11 federal law impacting interstate commerce. *See* 15 U.S.C. § 1692a(6) (the use of an "instrumentality of interstate commerce" is required to be a "debt collector" under the FDCPA.) Therefore, whether withdrawal is required turns on whether substantial and material consideration of the FDCPA is necessary to resolve the dispute.

Williams argues that *Crawford v. LVNV Funding, LLC,* 758 F.3d 1254 (11th Cir. 2014) means that the court's inquiry will not require substantial and material

consideration of the FDCPA because the decisive issue has already been decided. (Doc. 1-6 at 4.) In *Crawford* the Eleventh Circuit held that the filing of a proof of claim to collect a stale debt in a Chapter 13 bankruptcy violates the FDCPA. *Id.* at 1256-57. LVNV was sued in that case for filing a proof of claim for a time-barred debt, the same conduct that is at issue in this case. LVNV moved to dismiss the action in *Crawford*, arguing that the FDCPA did not apply to its conduct. The bankruptcy and district courts agreed with LVNV, but the Eleventh Circuit reversed and remanded, holding that the "FDCPA's broad language, our precedent, and the record compel the conclusion that defendants' conduct violated a number of the Act's protective provisions." *Id.* at 1257.

LVNV raises two arguments as to why substantial and material consideration of the FDCPA is still required in this case despite *Crawford*. First, they argue that *Crawford* concerned the sufficiency of the pleadings under a Fed. R. Civ. P. 12(b)(6) motion, rather than the ultimate merits of the case, and that the Eleventh Circuit remanded the case to the district court for further proceedings rather than ruling on the merits. (Doc. 1-7 at 4.) Therefore, they argue that *Crawford* cannot be relied upon for this Court's withdrawal analysis.

However, the Eleventh Circuit expressly held in *Crawford* that the filing of a proof of claim to collect a stale debt in a Chapter 13 bankruptcy proceeding violates the

FDCPA. *Crawford*, 758 F.3d at 1257. A court may properly resolve questions of law when ruling upon a 12(b)(6) motion. *See Neitzke v. Williams*, 490 U.S. 319, 328 (1989). While factual issues remained in *Crawford* which lead to a remand of the action for further proceedings in the district court rather than remand for an entry of judgment, this does not in any way negate the Eleventh Circuit's resolution of the underlying legal issues. Therefore, LVNV's argument based upon the procedural posture of *Crawford* is not persuasive.

LVNV's second argument concerns the issue of whether the Bankruptcy Code preempts the FDCPA when creditors misbehave in the bankruptcy context. (Doc. 1-7 at 4.) The Eleventh Circuit expressly declined to rule on that question in *Crawford*, 758 F.3d at 1262 n.7, and there is currently a circuit split upon this issue. *Compare Simmons v. Roundup Funding, LLC,* 622 F.3d 93 (2d Cir. 2010); *Walls v. Wells Fargo Bank, N.A.*, 276 F.3d 502 (9th Cir. 2002) (finding that FDCPA claims were precluded by the Bankruptcy Code), *with Randolph v. IMBS, Inc.*, 368 F.3d 726 (7th Cir. 2004); *Simon v. FIA Card Services, N.A.*, 732 F.3d 259 (3d Cir. 2013) (finding FDCPA claims not precluded). Lower courts within the Eleventh Circuit are similarly split. *Compare In re Pariseau*, 395 B.R. 492 (M.D. Fla. 2008) (FDCPA claims precluded), *with Rios v. Bakalar & Assocs.*, 795 F. Supp. 2d 1368 (S.D. Fla. 2011); *Bacelli v. MFP, Inc.*, 729 F. Supp. 2d 1328 (M.D. Fla. 2010) (finding no preclusion). The issue of preclusion will

require the court to decide on a circuit split which the Eleventh Circuit has declined to rule on, and which splits lower courts within this circuit. Therefore, substantial and material consideration of the FDCPA will be required in order to resolve Williams' claims, and therefore mandatory withdrawal of the reference is necessary.

III.   Conclusion

For the reasons stated above, LVNV's motion to withdraw the reference is GRANTED, and the case is hereby WITHDRAWN from the Bankruptcy Court for the Northern District of Alabama. The clerk is directed to assign this case as a civil action.

Done this 31st day of December 2014.

L. SCOTT COOGLER
UNITED STATES DISTRICT JUDGE
177825